UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                        :
PERMISSION DATA, LLC,                   :    Civil Action No. 1:16-cv-3386
                                        :
                    Plaintiff,          :    COMPLAINT FOR TRADEMARK
                                        :    INFRINGEMENT, AND
                                        :    UNFAIR COMPETITION
                                        :
v.                                      :
                                        :
ADQUIRE LLC, MARTIN KRISTISETER,        :
CHRISTIAN "CHRIS" KLIGORA,              :
MATTHEW "MATT" BRANDENBURG, and         :
ONE OR MORE JOHN/JANE DOE(S)            :
                                        :
                    Defendants.         :    JURY TRIAL DEMANDED
                                        :
-----------------------------------------------------------------x
```

Permission Data, LLC (hereinafter "Plaintiff" or "Permission Data") brings forth this

action against AdQuire LLC, Martin Kristiseter, Christian "Chris" Kligora, Matthew "Matt"

Brandenburg and One or More John Doe(s) (hereinafter collectively referred to as "Defendants"

or "AdQuire") and complains and alleges as follows:

## INTRODUCTION

1.      This is an action for federal trademark infringement and false designation of

origin in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; common law trademark

infringement under the laws of New York; and unfair competition under the laws of New York

against AdQuire for its use of Permission Data's ADQUIRE mark on or in connection with the

offer and provision of goods and/or services.

## PARTIES

2.      Plaintiff Permission Data is a New York limited liability company having a place of business at 451 Park Avenue South 3rd Floor, New York, New York 10016.

3.      Upon information and belief, Defendant AdQuire LLC was organized under the laws of the state of Colorado in 2014 as a limited liability company having a place of business at 1451 S. Josephine Street, Denver, Colorado, 80210, thereafter, AdQuire LLC identified a registered agent of United States Corporation Agents, Inc., with an address at 121 S. Tejon Street, Suite 900, Colorado Springs, CO 80903.

4.      AdQuire LLC is not in good standing with the State of Colorado. AdQuire LLC became delinquent with the Colorado Secretary of State on September 30, 2015 due to failure to file a Periodic Report.  Screenshots of the Colorado Secretary of State website confirming this are found at Exhibit A and are incorporated by reference.

5.       Upon information and belief, Defendant Martin Kristiseter (hereinafter "Kristiseter") is an individual with an address at 1451 S. Josephine Street, Denver, Colorado, 80210 and, Kristiseter is a principal, owner, investor, or employee of the now delinquent Colorado entity, Adquire LLC, and doing business under the delinquent entity, Adquire LLC.

6.      Upon information and belief, Defendant Christian "Chris" Kligora (hereinafter "Kligora") is an individual with an address at 8000 E Maplewood Ave Ste 125, Greenwood Village, Colorado, 80111 and, Kligora is a principal, owner, investor, or employee of the now delinquent Colorado entity, Adquire LLC, and doing business under the delinquent entity, Adquire LLC.

7.      Upon information and belief Kligora is the individual "Chris" identified on Defendants website Adquire.me.

2

8.      Upon information and belief, Defendant Matthew "Matt" Brandenburg (hereinafter "Brandenburg") is an individual with an address at 21816 8th Pl. W., Bothell, Washington 98021 and, Brandenburg is a principal, owner, investor, or employee of the now delinquent Colorado entity, Adquire LLC, and doing business under the delinquent entity, Adquire LLC.

9.      Upon information and belief Brandenburg is the individual "Matt" identified on Defendants website Adquire.me.

10.      Upon information and belief Defendant(s) One or More John/Jane Doe(s) are individuals or entities that are principals, owners, investors, employees, or corporate parent or affiliated entities of the now delinquent Colorado entity, Adquire LLC and these John/Jane Doe(s) are doing business under the delinquent entity Adquire LLC.

11.      Upon information and belief the One or More John/Jane Doe(s) include at least the individuals identified as "Dawn", "Jon" and "Jay" on Defendants website Adquire.me, whose addresses are unknown to Plaintiff at this time.

12.      Upon information and belief the One or More John/Jane Doe(s) may include the entities Marketon Broadcast Solutions, LLC and/or WBS Group, LLC, who appear to be connected to Kristiseter, but Plaintiff cannot determine at this time the full extent of these entities involvement.

13.      Plaintiff reserves the right to add additional defendants as their identities become known.

## JURISDICTION AND VENUE

14.      This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) over the federal trademark infringement and unfair competition, which arise under the

Federal Lanham Act, 15 U.S.C. §§ 1051 *et seq*.; and the Court has jurisdiction pursuant to 28

U.S.C. §§ 1338(b) and 1367 over the unfair competition claim and trademark infringement claim

under New York law.

15.   Venue is proper in this judicial district under 28 U.S.C. § 1391.

16.   Upon information and belief, this Court has jurisdiction over each and every one

of the Defendants because Defendants committed acts of trademark infringement in this district,

causing injury to Plaintiff in this state and district; and upon information and belief, Defendants

regularly transacts business and has purposely targeted its activities in this district, including the

advertising and sale of the products/services at issue through the Internet to New York residents

and New York entities.

17.   Defendants have purposely availed themselves to this state and this district at least

as evidenced by Defendants' website (Adquire.me) which is accessible from this state and

district and further identifies partners or customers of Defendant that do business, are located in

or have offices in the state of New York and many in New York City, specifically the website

names: The National Hockey League (NHL), Major League Baseball, Fox News Channel,

MensHealth, Comcast Sportsnet, CNN, NBC, NPR News, ROVIO, The Huffington Post, The

Chive, The Weather Channel, WebMD, WeatherBug, ESPN National Golf Challenge and CBS.

Screenshots of the Adquire LLC website Adquire.me/partners are found at Exhibit B.

18.   This Court has personal jurisdiction over the individual defendants, Kristiseter,

Kligora, Brandenburg and One or More John/Jane Doe(s) because these individuals are doing

business in this state and district under the delinquent entity, Adquire LLC.  Therefore,

Kristiseter, Kligora, Brandenburg and One or More John/Jane Doe(s) have forfeited the limited

liability protections of entity formation and therefore these defendants are acting and doing

business under the mark ADQUIRE as individuals in this state and district and may be held liable as individuals.

## FACTUAL BACKGROUND

19.     Since 2002, Plaintiff has been a leader in digital customer acquisition and provides acquisition marketing platforms and services to its customers.

20.     Plaintiff is in the business of assisting its customers in adding to their own customer email lists, driving digital coupon prints, generating leads and offering a multi-channel performance-based solution for targeting, and acquiring and engaging customers.

21.     Plaintiff markets its services under the brand ADQUIRE and began using ADQUIRE for on-line advertising and marketing services at least as early as January, 2009.

22.     Plaintiff is the owner of the incontestable Federal Trademark Registration No. 3,788,369 for ADQUIRE in Class 035 for On-line advertising and marketing services (the "Registration").  The Registration was duly registered by the US Patent and Trademark Office on May 11, 2010, with a first use date of use listed as January 30, 2009.  A copy of the registration certificate is enclosed at Exhibit C and incorporated by reference herein.

23.     As a result of Plaintiff's continuous use, the ADQUIRE mark has acquired distinctiveness and secondary meaning.

24.     ADQUIRE is not a recognizable English word and carries no meaning and was a coined term first created by Plaintiff for use in connection with its product and service offerings.

25.     Upon information and belief Defendants purchased the website domain Adquire.me in 2014.  At the time of this purchase, Plaintiff owned the domain ADQUIRE.COM.

26.     Upon information and belief, Defendants provide on-line advertising and marketing services for its customers and partners and these services are marketed to these

customers and partners via the website Adquire.me and via various digital advertising campaigns.

27.     Upon information and belief, Defendants have purchased the keyword ADQUIRE in search engine marketing and advertising tools, including Google AdWords and others in violation of Plaintiff's rights.

28.     Upon information and belief, Defendants began using ADQUIRE after Plaintiff's first use of the ADQUIRE mark in commerce.

29.     Defendant Adquire LLC was organized in 2014, well after Plaintiff's 2009 first use of the ADQUIRE mark, and Defendants did not use ADQUIRE prior to Plaintiff's first use.

30.     The term ADQUIRE used by Defendants is identical to Plaintiff's Registration for ADQUIRE.

31.     Upon information and belief, Plaintiff and Defendants are competitors in the field of on-line marketing and advertising services.

32.     Upon information and belief, Defendants' products and services and Plaintiff's products and services are supplied through almost identical commercial channels and targeted at the same or substantially overlapping customer groups because the products and services provided are related to on-line marketing and advertising.

33.     Upon information and belief, Plaintiff and Defendants' products and services are supplied in the same or similar geographic areas, including the state of New York.

34.     Defendants' use of ADQUIRE is likely to cause confusion, mistake or deception among the public who will be confused, mistaken and deceived into believing that Defendants' products and services sold under ADQUIRE are sponsored by, affiliated with, and/or authorized by Plaintiff.

35.     Upon information and belief, Defendants' use of ADQUIRE has misappropriated and continues to misappropriate the goodwill that Plaintiff has built in its usage of the ADQUIRE mark.

36.     Upon information and belief, Defendants' activities have caused and continue to cause irreparable injury to Plaintiff's reputation and goodwill.

37.     Upon information and belief, Defendants has profited and continue to profit from its unlawful acts.

38.     Defendants' use of ADQUIRE, if not enjoined by this court, has mislead and will continue misleading the public and causing irreparable damage and harm to Plaintiff and the public.

39.     Upon information and belief, at the time Defendants adopted the name ADQUIRE, Defendants did so with full knowledge of Plaintiff's use of ADQUIRE and Plaintiff's existing rights to ADQUIRE.

40.     Plaintiff purchased the domain ADQUIRE.COM from a domain broker on or around September 2014.  In February, 2014 (prior to the incorporation date of AdQuire LLC), Plaintiff purchased the domain ADQUIRE.NET.  On or around the respective purchase dates, Plaintiff began using the domains to promote its services under ADQUIRE, having already been using the ADQUIRE brand on Plaintiff's other websites, permissiondata.com, adquirenetwork.com, adquiretrufilter.com, adquiredeliver.com, adquireselect.com and adquireconnect.com, prior to Defendants' first use.

41.     In common industry practices, the ".com" extension is preferred and commonly the first extension searched for by someone looking for a domain to purchase, with ".net" being the second, therefore, upon information and belief, Defendants, when searching for a domain

using "Adquire" prior to September 2014, became aware that ADQUIRE.COM was owned by a domain broker and that ADQUIRE.NET was owned by Plaintiff. To the extent Defendants purchased Adquire.me after September 2014, Defendants would then also have known that ADQUIRE.COM was owned by Plaintiff. Upon information and belief, Defendants were also aware of Plaintiff's ownership of the other domains listed in paragraph 40 herein and Plaintiff's marketing of ADQUIRE on said domains. Therefore, at least as early as Defendants' purchase date of Adquire.me, Defendants were aware of the offerings by Plaintiff under the ADQUIRE brand.

42.     In addition, it would be a common industry practice to do an internet search for the desired domain, in this case "AdQuire", to see if other people are using the brand. Upon information and belief, Defendants performed such a search and therefore, at least as early as Defendants' purchase date of Adquire.me, Defendants were aware of the offerings by Plaintiff under the ADQUIRE brand.

43.     Defendants' website (Adquire.me) lists an address of 2750 NW Bauer Woods Drive Portland, OR 97229. On November 3, 2014 and December 9, 2014, Plaintiff sent Defendant letters advising Defendant of Plaintiff's rights to ADQUIRE and included a copy of the registration certificate therefore.

44.     The November 3 and December 9 letters were delivered to the address listed on Adquire.me, and the December 9 letter was confirmed as delivered via signature requirement, and both letters were confirmed as delivered successfully via Fedex.

45.     After the letters were delivered, Defendants continued to update their website Adquire.me to progressively expand their marketing efforts and scope of offerings and continuously encroach on Plaintiff's rights.

46.     On April 11, 2016, Jeff Goldstein, an attorney for Plaintiff sent an e-mail to

mbrandenburg@adquire.me informing AdQuire and Mr. Brandenburg of Plaintiff's rights and

Defendants' infringement thereof.

47.     An attorney representing Adquire LLC responded to Jeff Goldstein's e-mail and

argued that AdQuire LLC did not infringe Plaintiff's rights.

48.     Defendants had notice of Plaintiff's rights at least as early as November 2014 or

the purchase date of Adquire.me (whichever is earlier) and Defendants have progressively

expanded their offerings and marketing efforts in willful violation of Plaintiffs rights.

49.     The intentional and willful nature of Defendants' unlawful acts renders this an

exceptional case within the meaning of 15 USC §1117(a).

**COUNT I**
**Federal Trademark Infringement Under 15 U.S.C. § 1114**

50.     Plaintiff repeats and realleges the allegations contained in the prior paragraphs of

this Complaint and incorporates them herein by reference.

51.     Defendants use of ADQUIRE on its services, which is identical to Plaintiff's

Registration for ADQUIRE constitutes trademark infringement and gives rise to a likelihood of

confusion, deception, and mistake among the public.

52.     Upon information and belief, Defendant adopted and used the ADQUIRE mark

with the willful purpose and intent of misleading the public and trading upon the goodwill and

reputation associated with Plaintiff's Registration.

53.     These acts violate the United States Lanham Act and constitute infringement of

Plaintiff's registered trademark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

*et seq.*

54.     As a result of Defendants infringing activities, the public is likely to be and has

already been confused, misled or deceived as to the source, origin or sponsorship of Defendants' services, and Plaintiff has suffered irreparable injury for which it has no adequate remedy at law.

## COUNT II
### False Designation of Origin Under 15 U.S.C. § 1125(a)

55.     Plaintiff repeats and realleges the allegations contained in the prior paragraphs of this Complaint and incorporates them herein by reference.

56.     Defendants' use of the ADQUIRE mark constitutes offering for sale and selling services in interstate commerce using false and misleading descriptions and representations of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Upon information and belief, Defendants adopted and used the ADQUIRE mark with the knowledge that it was misleading, and deceptive, and with the intent to compete unfairly with Plaintiff and to misappropriate the goodwill of Plaintiff.

58.     As a result of Defendants activities, the public is likely to be confused, misled, or deceived about the sources of Defendants' services, and Plaintiff is now and will continue to suffer irreparable injury to its goodwill and reputation, for which it has no adequate remedy at law.

## COUNT III
### Trademark Infringement Under New York Law

59.     Plaintiff repeats and realleges the allegations contained in the prior paragraphs of this Complaint and incorporates them herein by reference.

60.     This claim is against Defendants for common law trademark infringement.

61.     In addition to the Registration owned by Plaintiff, as set forth above, Plaintiff's ADQUIRE mark enjoys common law rights in New York and throughout the United States. These rights are senior and superior to any rights which Defendants may claim.

62.     Defendants' use of Plaintiff's ADQUIRE mark is intentionally designed to mimic Plaintiff's ADQUIRE mark so as to cause confusion regarding the source of Defendants' goods and services in that purchasers thereof will be likely to associate or have associated such products with, as with originating with, or as approved by Plaintiff, all to the detriment of Plaintiff.

63.     Defendants' infringement will continue unless enjoined by the Court.

## COUNT IV
## Unfair Competition Under New York Law

64.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

65.     Defendants' acts as described above constitute unfair competition under New York law.

66.     Defendants adopted the ADQUIRE mark with actual knowledge that it belonged to Plaintiff and with the intention of to launch a product under the mark to interfere with Plaintiff rights in the mark and to divert business away from Plaintiff.

67.     Defendants' acts constitute unfair competition under the laws of New York and Plaintiff will be irreparably harmed unless Defendants use of the ADQUIRE mark is enjoined by the Court.

## COUNT V

## Anticybersquatting Under Section 43(d) Of The Lanham Act

68.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

69.     Section 43(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a), provides that

A person shall be liable in a civil action by the owner of a mark, including a personal name, which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person- (ii) registers, traffics in, or uses a domain name that (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or (III) is a trademark, word, or name protected by reason of section 706 of title 18, United States Code, or section 220506 of title 36, United States Code.

70.     Defendants activities constitute cybersquatting because Defendants have registered, trafficked and used the domain adquire.me that is identical to Plaintiff's distinctive mark ADQUIRE which is covered by the Registration.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.     An order immediately and permanently enjoining Defendants, its officers, members, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, from:

    i.    advertising, marketing, promoting, selling or otherwise offering for sale any good or service that is confusingly similar to Plaintiff's ADQUIRE mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto;

    ii.    making or employing any other commercial use of Plaintiff's ADQUIRE mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto;

    iii.    using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or

mistake in the mind of the trade or public or to deceive the trade or public

into believing that Defendants' products or activities are in any way

sponsored, licensed or authorized by or affiliated or connected with

Plaintiff;

iv.      doing any other acts or things calculated or likely to cause confusion or

mistake in the mind of the public or to lead purchasers or consumers or

investors into the belief that the products or services promoted, offered, or

sponsored by Defendants come from Plaintiff, or are somehow licensed,

sponsored, endorsed, or authorized by, or otherwise affiliated or connected

with Plaintiff;

v.      otherwise competing unfairly with Plaintiff in any manner; and

vi.      operating Defendants' website available at www.adquire.me, or any other

domain that is a derivation or colorable imitation thereof, or any domain

confusingly similar thereto, including domains that constitute

typographical errors of ADQUIRE; and

vii.      assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in the above

subparagraphs (i) through (v), or effecting any assignments or transfers,

forming new entities or associations, or utilizing any other device for the

purpose of circumventing or otherwise avoiding the prohibitions set forth

in subparagraphs (i) through (vi);

B.      Direct Defendants to transfer the domain Adquire.me, and any other domain

owned by Defendants that is a derivation or colorable imitation thereof, or any domain

confusingly similar thereto, including domains that constitute typographical errors of ADQUIRE, to Plaintiff.

C.      That a judgment be entered that Defendant has infringed the Plaintiff's mark in violation of in violation of 15 U.S.C. § 1114 and has damaged Plaintiff's goodwill.

D.      That a judgment be entered that Defendant has unfairly competed with Plaintiff by the acts complained of herein in violation of in violation of 15 U.S.C. § 1125(a).

E.      That a judgment be entered that the acts of Defendant constitute unfair competition and trademark infringement in violation of the common law of the State of New York.

F.      That Defendant be ordered to account and pay Plaintiff all profits derived as a result of the activities complained of herein.

G.      That Defendant be ordered to pay to Plaintiff damages sustained as a result of the activities complained of herein.

H.      That Defendant be ordered to pay increased damages due to its willful infringement.

I.       That Defendant be ordered to pay Plaintiff's reasonable attorneys' fees and costs incurred in this action.

J.      That Plaintiff be awarded such other and further relief as the Court may deem just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  Stamford, Connecticut    ST. ONGE STEWARD JOHNSTON & REENS LLC
       May 6, 2016


                    */s/ Gene S. Winter*
                    Gene S. Winter, Esq. (GW6798)
                    Jonathan S. Winter, Esq. (Pending Admission)
                    986 Bedford Street
                    Stamford, Connecticut 06905-5619
                    Telephone: (203) 324-6155
                    Facsimile: (203) 327-1096
                    Email:  gwinter@ssjr.com
                              jwinter@ssjr.com
                              litigation@ssjr.com

                    *Attorneys for Plaintiff Permission Data, LLC.*